UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R., KARI R., VICKY P., NATASHA P.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WILLIAM NULICK, TULARE COUNTY SHERIFF, COUNTY OF TULARE,<br><br>    Defendants. | 1:15-cv-01378-JAM-EPG<br><br>ORDER REQUIRING PRODUCTION OF CERTAIN DOCUMENTS WITHHELD PURSUANT TO THE "OFFICIAL INFORMATION PRIVILEGE" PURSUANT TO CONFIDENTIAL PROTECTIVE ORDER |

    Plaintiffs filed this action on September 9, 2015 pursuant to 42 U.S.C. § 1983 alleging that Defendant William Nulick, a Tulare County, California Deputy Sheriff, misused his official position to sexually assault them. This Court held an informal discovery dispute conference by telephone on October 31, 2016. (ECF No. 37.) Several outstanding discovery disputes were discussed. Per agreement of the parties, Defendants agreed to provide certain documents for *in camera* review to resolve certain privilege assertions.

    Specifically, this order addresses two sets of documents that were withheld by Defendants Tulare County Sheriff and County of Tulare ("Defendants") pursuant to the "official information privilege" namely: (1) Defendant Nulick's personnel file, and (2) Tulare County reports concerning investigations pertaining to Defendant Nulick. Pursuant to a procedure outlined by the Court and agreed upon by the parties on October 31 during the

discovery dispute conference, both sets of documents have been submitted to this Court by Defendants for *in camera* review.

The Court has reviewed the documents and orders certain disclosure pursuant to the stipulated protective order entered in this case on November 9, 2016, as described below (ECF No. 39).

## I.     LEGAL STANDARDS

In *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.*, the U.S. Court of Appeals for the 9th Circuit examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. 511 F.2d 192 (9th Cir. 1975), *aff'd* 426 U.S. 394 (1976). In doing so, it explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ." *Id.* at 198 (internal citations and quotations omitted).

The 9th Circuit has since followed *Kerr* in requiring a balancing of interests and *in camera* review in ruling on the government's claim of the official information privilege. *See, e.g., Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995) (affirming Magistrate Judge order compelling disclosure and stating "Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119 (1976). In determining whether information sought is privileged, we must employ a balancing test, weighing the potential benefits of disclosure against the potential disadvantages"); *Breed v. U.S. Dist. Court for Northern Dist. of California* 542 F.2d 1114, 1116 (9th Cir. 1976) ("Also, as required by *Kerr*, we recognize 'that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege.'"). Furthermore, in *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), the 9th Circuit explained "[g]overnment personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34

(9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh*'g (May 24, 1991) (internal citations and quotations omitted).

## II.     Application of Law to Documents Being Withheld

Plaintiffs allege that Defendant Nulick held a position of public trust as a police officer for the Tulare County Sheriff.  Defendant Nulick is alleged to have abused the authority entrusted to him by repeatedly sexually violating and threatening a targeted class of individuals.  It is further alleged that the unconstitutional policies of Defendants Tulare County Sheriff and County of Tulare were the moving force behind Defendant Nulick's actions.  The Plaintiffs are four women alleged to have been sexually assaulted by Defendant Nulick while he was on duty.

With these allegations in mind, all factual information reflecting Defendant Nulick's conduct regarding his searches of women is highly relevant to the case.  Moreover, given the allegations against the County Defendants and their inadequate response to allegations against Defendant Nulick, documents reflecting what Defendants Tulare County Sheriff and County of Tulare knew about Defendant Nulick's conduct at the time that the alleged misconduct occurred, as well as their response to such allegations, is also highly relevant.

Defendants Tulare County Sheriff and County of Tulare have identified their desire to keep certain sensitive information contained within the two sets of documents confidential. The Court recognizes that law enforcement has an interest in keeping certain law enforcement information confidential, such as information pertaining to on-going investigations and the names of individuals working as confidential informants.  However, the incidents at issue here have long since passed and the internal investigations appear to have been completed.  The Court is inclined to find that information regarding Defendant Nulick's conduct regarding searches of women, as well as the County Defendants' response, should be produced because the benefits of disclosure outweigh the disadvantages of disclosing sensitive information.

The Court also recognizes that persons serving as law enforcement officers have certain privacy rights concerning information given to their employer in the job application process, including sensitive personal information such as birth data, personal identifiers, addresses, and

family information. As described below, the Court holds that, absent a connection to the underlying incident, this personal information should remain privileged and not subject to disclosure.

With these principles in mind, the Court has reviewed Defendant Nulick's personnel file and Tulare County reports concerning investigations pertaining to Defendant Nulick. After weighing the potential benefits of disclosure against the potential disadvantages, the Court concludes that disclosure of certain documents is appropriate.

As part of the investigative reports concerning the job conduct of Defendant Nulick, a report was submitted for *in camera* review concerning an incident that is arguably not directly related to underlying sexual misconduct allegations of this case. (I.A. 0001-0077.) However, the report concerns a public safety incident involving Mr. Nulick. Although the report is of lesser overall importance to Plaintiffs' case, the Court will order disclosure of this report because the information contained within the report is relevant and the investigation has concluded. Thus, the benefits of disclosure outweigh its protection and disclosure is warranted.

As to Defendant Nulick's personnel file, the Court will order that certain information remain protected under the official information privilege. The personnel file consists of 19 categories of documents relating to Defendant Nulick's employment with Tulare County as a police officer. It appears Defendant Nulick was hired in September of 2011. Prior to that date, a background investigation was performed. Category 19 contain documents related that background investigation, which includes sensitive personal data about Defendant Nulick. Applying the balancing test to category 19, the Court finds that the documents are of marginal relevance and any relevant information within category 19 can be discovered through other methods. Thus, the benefits of disclosure do not outweigh the disadvantages for category 19.

With respect to the other 18 categories in the personnel file, these documents consist primarily of relevant information generated after his date of hire relating to Defendant Nulick's employment. The Court concludes that that the confidentiality concerns concerning categories 1-18 do not weigh heavily against disclosure, and any risk associated with disclosure can

sufficiently be addressed by disclosure pursuant the provisions of the confidential protective order entered in this case on November 9, 2016. (ECF No. 39.)

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that, within 7 days from this order, Defendants shall provide Plaintiffs with documents withheld under the official information privilege and provided *in camera* to the Court as described in this order, subject to the provisions of the protective order (ECF No. 39).  The documents in category 19 of the personnel file need not be disclosed.

IT IS SO ORDERED.

Dated:   **November 14, 2016**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE