UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R., KARI R., VICKY P., NATASHA P.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WILLIAM NULICK, TULARE COUNTY SHERIFF, COUNTY OF TULARE,<br><br>    Defendants. | 1:15-cv-01378-JAM-EPG<br><br>ORDER DENYING MOTION FOR SANCTIONS<br><br>(ECF No. 50) |

    Plaintiffs filed this action on September 9, 2015 pursuant to 42 U.S.C. § 1983 alleging that Defendant William Nulick, a Tulare County, California Deputy Sheriff, misused his official position to sexually assault them. It is further alleged that the unconstitutional policies of Defendants Tulare County Sheriff and County of Tulare ("County Defendants") were the moving force behind Defendant Nulick's actions.

    On December 8, 2016, a motion hearing on Plaintiffs' motion to compel (ECF No. 41) and motion for sanctions (ECF No. 50) was held before this Court. (ECF No. 55.) The motion to compel was granted at the time of the hearing (ECF No. 55) and a follow-up order was entered on December 12, 2016 (ECF No. 56). Although tentative rulings were discussed on the record at the December 8 hearing, the motion for sanctions was taken under advisement. (ECF No. 55.) To provide further context for the sanctions motion, the Court directed the County

Defendants to submit additional information by December 16, 2016, concerning its efforts to comply with discovery in this case.

On December 16, 2016, the County Defendants filed a "statement of compliance with the Court's December 16, 2016 Rulings." (ECF No. 62.) This filing consists of two exhibits: 1) a signed declaration of Captain Keith Douglas; and 2) a copy of correspondence to counsel confirming that outstanding responsive discovery have been produced for delivery on December 16, 2016. (*Id*.) The Court has reviewed these submissions.

Plaintiffs are requesting sanctions pursuant to Rule 37(b)(2)(A) and (C) of the Federal Rules of Civil Procedure. (ECF No. 50.) Under Rule 37(b)(2)(A), sanctions may be imposed where a party "fails to obey an order to provide or permit discovery…" Fed. R. Civ. P. 37(b)(2)(A). Under Rule 37(b)(2)(C), the Court may "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Although the Court has concerns about Defendant's failure to provide a complete record of the investigatory files immediately after the Court's order, the Court ultimately finds that there is insufficient evidence of bad faith to grant a motion for sanctions at this time. Although Plaintiffs are understandably frustrated with the amount of effort it took for the County Defendants to comply with their discovery requests, it now appears that the County Defendants have complied. Further, the County Defendants have provided an explanation as to why certain documents were not produced, and any mistakes do not appear at the present time to be willful. (ECF No. 62-1.)

For the forgoing reasons and further reasons discussed on the record at the December 8 hearing, Plaintiff's motion for sanctions (ECF No. 50) is DENIED.
IT IS SO ORDERED.

Dated:   **December 19, 2016**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE